UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE J. STARKEY,

    Petitioner,

-vs-                                           Case No.   8:22-cv-2476-CEH-TGW

FACILITY COMMANDER, et al.,

    Respondents.
_____/

## ORDER

Petitioner, a detainee at the Hillsborough County Jail (HCJ), initiated this action by filing a petition for the writ of prohibition (Doc. 1) and an affidavit in support (Doc. 2). He petitions the Court to prohibit several jail officials from: 1) opening, reading, and copying his legal mail; 2) refusing to mail legal documents; 3) denying him adequate access to the law library at HCJ; and 4) retaliating against him for filing grievances.

"A writ of prohibition…requires a showing of 'exceptional circumstances amounting to a *judicial* usurpation of power[]' [and] is reserved for extraordinary cases in which 'the right to relief is clear and undisputable' and the regular judicial-review process is inadequate to address the petitioner's claim." *United States v. Izquierdo*, 436 F. App'x 929, 931 (11th Cir. 2011) (quoting *In re Wainwright*, 678 F.2d 951, 953 (11th Cir.1982) (emphasis added)).

1

A writ of prohibition is unavailable here because Respondents were not acting in a judicial or quasi-judicial capacity. *See* West's ALR Digest Prohibition k6(1), ALRDG 314K6(1) ("The writ of prohibition must be directed to some inferior judicial tribunal or officer and lies to prevent or control judicial or quasi–judicial action only, as distinguished from legislative, executive or ministerial action."). And even if a writ of prohibition were available, it would not be warranted here because Petitioner has another adequate remedy available to him, a civil complaint for injunctive relief under 42 U.S.C. § 1983. *See In re Smith*, 122 F. App'x 687 (4th Cir. 2005) ("a writ of prohibition should be granted only where the petitioner has no other adequate means of relief. . . ." (citing *In re Banker's Trust Co.*, 775 F.2d 545, 547 (3d Cir.1985))); *Salazar v. Core Civic*, 2022 WL 541030, at *3 (D.N.M. Feb. 23, 2022) ("Injunctive relief is available under § 1983.").

Accordingly, the petition for the writ of prohibition (Doc. 1) is **DENIED** without prejudice to Petitioner filing an appropriate complaint, in a new case with a new case number. The **Clerk** is directed to close this case.

**ORDERED** in Tampa, Florida on November 28, 2022.

Charlene Edwards Honeywell
United States District Judge

Copy to: Willie J. Starkey, *pro se*

2